DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN

DLJ MORTGAGE CAPITAL, INC.,      )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     Civil No. 2018-86
                                 )
                                 )
GARY A. GEORGE, SR.; KATHLYN P.  )
WORRELL; EILEEN V. WORRELL,      )
                                 )
          Defendants.            )
                                 )
                                 )

ATTORNEYS:

**Matthew Reinhardt**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For DLJ Mortgage Capital, Inc.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of DLJ Mortgage Capital, Inc. for default judgment against Gary George, Kathlyn Worrell, and Eileen Worrell.

### I.    FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Kathlyn Worrell ("K. Worrell") is the record owner of property described as:

    Parcel No. 4G-3 Estate Contant
    No. 2 Cruz Bay Quarter
    St. John, U.S. Virgin Islands

      As Shown on PWD No. D9-7173-T003
      Consisting of .3291 US Acres, More or Less

2. Gary George, Sr. ("George") and K. Worrell are the record owners of property described as:

   Parcel No. 254 Estate Contant
   No. 7A Southside Quarter
   St. Thomas, U.S. Virgin Islands
   As Shown on PWD No. B9-378-T73
   Consisting of .26 US Acres, More or Less

3. On March 20, 2007, Banco Popular de Puerto Rico ("Banco Popular") loaned George, K. Worrell, and Eileen Worrell ("E. Worrell")$904,000 ("the loan"). E. Worrell undertook that task through her Attorney-in-fact, K. Worrell.

4. The loan was memorialized by a Note ("the Note") which George, K. Worrell, and E. Worrell provided to Banco Popular. In the Note, George, K. Worrell, and E. Worrell promised to pay Banco Popular $904,000 with interest at a rate of 7% per annum in equal monthly installments of $6,014.33. The Note was secured by a first priority mortgage on the 254 Property and the 4G-3 Property ("the Mortgage").

5. The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on March 20, 2007, as Document No. 2007002301.

6. The Note and the Mortgage were modified by an unrecorded modification agreement on July 21, 2009.

7. On February 7, 2014, the Mortgage was assigned from Banco Popular to DLJ Mortgage Capital, Inc. ("DLJ Assignment"). The Assignment was recorded at the Recorder of Deeds Office for the District of St. Thomas and St. John on April 19, 2018 as Document No. 2018002627.

8. K. Worrell, George, and E. Worrell failed to comply with the terms and conditions of the Note and the Mortgage by failing to make a payment on April 1, 2008, and all subsequent payments. To date, default has not been cured. DLJ Mortgage has declared the entire amount due and owing as of April 30, 2019, in the total sum of $1,692,731.36.

9. On September 21, 2018, DLJ Mortgage filed a complaint in this matter against George, K. Worrell, and E. Worrell.

10. George, K. Worrell, and E. Worrell were each served with a summons and copy of the complaint.

11. Neither George, K. Worrell, or E. Worrell have filed an answer in this action.

12. On March 13, 2019, the Clerk of Court entered default against all defendants.

13. On May 1, 2019, DLJ Mortgage moved for default judgment against all defendants in this matter.

14. To date, no defendant has appeared in this action.

15. No defendant is an active member of the United States Armed Forces, no defendant is an infant, and no defendant is believed to be incompetent.

## II. DISCUSSION

### A. DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014).

In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III. ANALYSIS

**A. DEFAULT JUDGMENT**

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that DLJ Mortgage's motion for default judgment against George, K. Worrell, and A. Worrell docketed at ECF Number 26 is **GRANTED**; it is further

**ORDERED** that DLJ Mortgage shall recover from George, K. Worrell, and A. Worrell the principal, advances, interest, and fees in the amount of $1,692,731.36. Interest continues to accrue on the principal at the rate of $144.93 per day from April 3, 2019, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens on the 4G-3 Property and the 254 Property subsequent to the recording of the Mortgage are hereby foreclosed; it is further

**ORDERED** that the 4G-3 Property and the 254 Property shall each be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of DLJ Mortgage, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by DLJ Mortgage for insurance premiums, taxes, and expenditures necessary to maintain the 4G-3 Property and the 254 Property pending sale with interest from the date of any such payment. Third, the proceeds of such sale shall be applied toward the satisfaction of such liens as required by Virgin Islands law. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the 4G-3 Property and the 254 Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The 4G-3 Property and the 254 Property shall each be sold at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. DLJ Mortgage may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

    d. The successful bidder on the 4G-3 Property and the successful bidder on the 254 Property shall each be

>       required to deposit with the United States Marshal
>       cash equal to ten percent of his total bid at or
>       before 5:00 p.m. on the date of the sale of the
>       property; and the remaining ninety percent of the said
>       purchase price to be paid on or before 5:00 p.m.
>       within thirty days inclusive, of the date of sale of
>       the property.
>
>       e. The United States Marshal shall make his report of
>       the sale of the 4G-3 Property and the 254 Property
>       within ten days from the date of the sale.
>
>    3. DLJ Mortgage shall have any and all writs necessary to
>    execute the terms of this Judgment.
>
>    4. George, K. Worrell, and E. Worrell shall be liable to
>    DLJ Mortgage for any deficiency remaining after the sale of
>    the 4G-3 Property and the 254 Property; it is further

   **ORDERED** that the trial setting in this matter is **VACATED**;
it is further

   **ORDERED** that all pending motions are **MOOT;** and it is
further

   **ORDERED** that the Clerk of Court shall **CLOSE** this case.


                                        S_____
                                        **CURTIS V. GÓMEZ**
                                        **District Judge**